## City of Chicago, Defendant in Error, v. J. J. Moser, Plaintiff in Error.

### Gen. No. 21,707.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1915.  Reversed.  Opinion filed January 17, 1917.

### Statement of the Case.

Action by the City of Chicago, plaintiff, against J. J. Moser, defendant, to recover for alleged violation of section 2012 of the Municipal Code relative to breach of the peace.  From a judgment for the plaintiff for one dollar and costs, defendant brings error.

J. J. MOSER, for plaintiff in.error.

SAMUEL A. ETTELSON and HARRY B. MILLER, for defendant in error; DANIEL WEBSTER, of counsel.

MR. JUSTICE GOODWIN delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

City of Chicago v. Moser, 203 Ill. App. 259.

## Abstract of the Decision.

1. EVIDENCE, § 221*—*when hearsay inadmissible.* A refusal by the court upon motion to strike out hearsay evidence, *held* reversible error.

2. TRIAL, § 45*—*when remarks by trial judge constitute reversible error.* Obviously improper and prejudicial remarks by the presiding judge at a trial before a jury constitute reversible error.

3. BREACH OF THE PEACE, § 1*—*what does not constitute breach of peace.* Where a person in possession of a ticket which entitled him to become a passenger on a certain railroad passed through its entrance gates without force but refused to have his ticket punched in the honest belief that the railroad company had no right to insist upon cancellation of a fare until it was apparent that transportation would be furnished, *held* that, although a trespass, this was not a violation of section 2012 of the Municipal Code of the City of Chicago, providing, in effect, that all persons who shall make, aid, countenance or assist in making any form of noise, riot, disturbance, breach of the peace, or a diversion tending to a breach of the peace, within the limits of said city, shall be subject to a fine of not less than one dollar nor more than two hundred dollars.

4. CARRIERS—*when may eject trespasser from station.* A railroad has the right to make reasonable rules and regulations for the conduct of its business, and a person entering its station in contravention of such a rule or regulation is a trespasser and may rightfully be ejected by the railroad, using no more force than necessary, notwithstanding the fact such person may have acted upon a claim of right made in good faith.

5. APPEAL AND ERROR—*when bill of exceptions is sufficient.* A bill of exceptions filed in an action based upon a municipal ordinance is sufficient although it contains no copy of the ordinance where its substance was stated in an instruction given to the jury to which no exception was made or preserved, and particularly where the offense for which the defendant was tried was fully disclosed by the sworn complaint filed in the trial court and by the statement of counsel for the city preserved in the bill.

* See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.